**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Stephanie L Alves, et. al., | Case No. 2:24-cv-02122-JAD-BNW |
| Plaintiffs, | |
| v. | **ORDER and REPORT AND RECOMMENDATION** |
| Public Utility Commission, et al., | |
| Defendants. | |

Before this Court are pro se Plaintiffs' applications to proceed *in forma pauperis*. ECF Nos. 15 and 16. Plaintiffs submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, their request to proceed *in forma pauperis* will be granted. This Court now screens Plaintiffs' complaint as required by 28 U.S.C. § 1915(e)(2).

**I.     SCREENING STANDARD**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." Section 1983 does not create any substantive rights, but it provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). However,

> conduct of a private individual constitutes state action when there is a such a close nexus between the State and the challenged action that the individual's conduct may be fairly treated as that of the State itself, such as when the nominally private actor is controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control.

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quotations omitted). Further, "[a] private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted).

**II.     ANALYSIS**

Pro se Plaintiffs sue the Public Utilities Commission, Nevada Power Company d/b/a NV Energy, and the City of Las Vegas, alleging that their power was turned off without an opportunity to be heard. It appears the PUCN turned the power off after a previous tenant refused to pay an outstanding bill. As best as this Court can tell, Plaintiffs complained to the PUCN in an attempt to explain that the bill belonged to Mrs. Rogers (and not them) and the PUCN scheduled

a hearing on October 29, 2024. Plaintiffs allege that they were not allowed "to preset their side of the story" at that hearing but that their case was presented by a PUCN staffer. ECF No. 14 at 5. In turn, Plaintiffs allege that the PUCN decided not to turn the power back on and, as a result, the city started an eviction proceeding.

The amended complaint alleges the following causes of action: (1) violation of the Fourteenth Amendment's due-process clause, (2) violation of the Fourteenth Amendment's equal-protection clause, (3) violation of the Administrative Procedure Act, (4) coercion, and (5) negligence.

At the outset, this Court notes that it does not have diversity jurisdiction over this case as the Defendants and Plaintiffs appear all to be citizens of Nevada. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Thus, the only basis for this Court to exercise jurisdiction would be federal-question jurisdiction.

**A. Defendants**

**i. Public Utility Commission of Nevada (PUCN)**

First, the PUCN is an "arm of the state" and was created pursuant to NRS 703.020. As a result, it is not a "person" and cannot be sued under 42 U.S.C. § 1983. *Sable Communications of California, Inc. v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 191 (9th Cir. 1989) (holding that "the CPUC is not a 'person' for the purposes of section 1983 and therefore cannot be sued under that statute"). Thus, this Court recommends that PUCN be dismissed with prejudice.

**ii. City of Las Vegas Code Enforcement Division**

A public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Harvey v. Estes*, 65 F.3d 784, 791–92 (9th Cir.1995). Under Federal Rule of Civil Procedure 17(b), an entity's capacity to be sued is determined under Nevada state law. Fed. R. Civ. Proc. 17(b). In Nevada, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996). The proper defendant is instead the municipality itself, not a department of the municipality.

3

Municipal entities, such as the city of Las Vegas, "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978). Under Ninth Circuit precedent, a plaintiff may recover under *Monell* based on one of three theories. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). First, "a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id*. at 1249 (quoting *Monell*, 436 U.S. at 708). Second, "under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id*. (internal quotation marks omitted). Third, "a local government may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id*. at 1250 (internal quotation marks omitted).

Thus, should Plaintiffs wish to amend their complaint to name the city of Las Vegas as a defendant they will need to allege facts that support liability under *Monell*.

### iii. Nevada Energy

As explained above, private parties cannot be held liable under 42 U.S.C. § 1983 unless they conspired or entered joint action with a state actor." *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quotation omitted). It is not clear what actions Nevada Energy is responsible for or the manner in which they conspired with a state actor. Thus, should Plaintiffs wish to include Nevada Power as a defendant, they must properly allege these facts.

## B. Claims

### i. Fourteenth Amendment's due-process clause

To prevail on a procedural-due-process violation based on the opportunity to be heard, plaintiffs "must prove two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (cleaned up).

The first question is whether Plaintiffs have adequately alleged a constitutionally protected liberty or property interest. "In the context of provision of electrical services, a vested right exists if plaintiff can establish a 'legitimate claim' to continued electricity." *Autotek, Inc. v. Cnty. of Sacramento*, 2020 WL 4059564, at *17 (E.D. Cal. July 20, 2020) ("Autotek II"), *aff'd sub nom. Lull v. Cnty. of Sacramento*, 2022 WL 171938 (9th Cir. Jan. 19, 2022). "The extent, scope and conditions of a right to continuing electricity are created and defined by state and local rules, and those same rules therefore delineate when one has a claim of entitlement to continued service." *Autotek Inc. v. Cnty. of Sacramento*, 2018 WL 836383, at *2 (E.D. Cal. Feb. 13, 2018) ("Autotek I"). "Where a state or local law restricts the ability of a municipal utility provider to terminate service, customers of the provider have a protected property interest in the continuation of service." *Field v. La Paz Cnty.*, 2006 WL 8440645, at *10 (D. Ariz. Apr. 27, 2006); *see also Frates v. Great Falls*, 568 F. Supp. 1330, 1337 (D. Mont. 1983) ("[A] specification of reasons, for which services may be terminated, amounts, in essence, to a recognition that termination may be for cause only, and clearly refutes the conclusion that the utility or governing body has a right to terminate services at will."). Plaintiffs have not alleged any facts to support that they had a protected property interest in the continuation of service. While not much is needed, Plaintiffs must include some factual allegations explaining their right to continued service.

Equally important, it is not clear that Plaintiffs were denied adequate procedural protections. That is, Plaintiffs themselves represent that the PUCN held a hearing at which their case was presented by a PUCN staffer. ECF No. 14 at 6. This claim will therefore be dismissed with leave to amend.

### ii. Fourteenth Amendment's equal-protection clause

The Fourteenth Amendment's equal-protection clause provides that states must not "deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (cleaned up). To state an equal-protection claim, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the

plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiffs have not alleged membership in a protected class, nor have they explained how the Defendants' decision to disconnect their power is motivated by discriminatory intent. As a result, this claim will be dismissed with leave to amend.

### iii. Administrative Procedure Act (APA)

Generally, the APA permits suits against the United States by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. For purposes of the APA, the term "agency" is defined to "mean[ ] each authority of the Government of the United States, whether or not it is within or subject to review by another agency," with the exclusion of Congress, the federal courts, U.S. territory and possession governments, the District of Columbia, and several others not relevant here. 5 U.S.C. § 706(b)(1).

Here, Plaintiffs do not seek to compel action by any federal agency within the meaning of the APA. Rather, Plaintiffs complain about the alleged actions of the PUCN, the City of Las Vegas and Nevada Energy. As a result, this Court recommends this claim be dismissed with prejudice.

### iv. Coercion and Negligence

The supplemental-jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state-law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state-law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir.2004).

Plaintiffs loosely allege coercion and negligence as causes of action, which are based on state law. But since Plaintiffs must successfully state a federal claim to proceed with the case, this

1  Court will not screen these potential state-court claims at this time. *See Carnegie-Mellon Univ. v.*
2  *Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are
3  eliminated before trial, the balance of factors to be considered under the pendent jurisdiction
4  doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to
5  exercise jurisdiction over the remaining state-law claims.").

### C. Instructions for amendment

Plaintiffs are advised that if they file a second amended complaint, the previous amended complaint (ECF No. 14) will no longer serve any function in this case. The court cannot refer to a prior pleading or to other documents to make Plaintiffs' amended complaint complete. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motions/Applications for Leave to Proceed *In Forma Pauperis* (ECF Nos. 15 and 16) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' amended complaint is dismissed with limited leave to amend.

**IT IS RECOMMENDED** that Plaintiff **not be granted leave** to add the following defendants in her second amended complaint:

- Public Utility Commission of Nevada (PUCN)
- City of Las Vegas Code Enforcement Division

**IT IS FURTHER RECOMMENDED** that Plaintiff **not be granted leave** to add the following claims in her second amended complaint:

- Violation of Administrative Procedure Act (APA)

//
//
//
//
//

7

**IT IS FURTHER ORDERED** that the second amended complaint be filed no later than October 23, 2025. Failure to follow the instructions above or to file by that date may result in a recommendation that the second amended complaint be dismissed.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 24, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE