**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Stephanie Alves, et al.,

      Plaintiffs

v.

NV Energy, et al.,

      Defendants

Case No.: 2:24-cv-02122-JAD-BNW

**Order Overruling as Moot Report and Recommendation, Directing Screening of Second Amended Complaint, and Denying Remaining Motions**

[ECF Nos. 19, 31, 41, 43, 47]

Several members of the Alves family sue various entities and individuals involved with the decision to shut off their home's electricity over unpaid power bills that they claim they're not responsible for. The magistrate judge screened their first amended complaint and dismissed it with leave to amend.[1] She also recommended that this court limit the plaintiffs' ability to add some defendants and claims to their amended complaint.[2] Since then, the plaintiffs have filed two second amended complaints, an emergency motion for a temporary restraining order (TRO), a motion to "request prompt ruling" on the TRO request, a motion to strike the defendants' response to the TRO request, and a "motion to request court confirmation."[3]

I overrule as moot the magistrate judge's report and recommendation because the plaintiffs have filed a superseding second amended complaint that requires further screening. I also deny the remaining motions. The plaintiffs have not established that they are entitled to immediate injunctive relief. Because I deny their TRO motion, I deny as moot their motion for a prompt ruling. I also deny the motion to strike the defendants' response to the TRO in favor of

---

[1] ECF No. 19.

[2] *Id.*

[3] ECF Nos. 27, 28, 31, 41, 43, 47.

resolving these issues on the merits. And I deny the "motion to request court confirmation" because it does not seek any clear relief that this court can grant.

**Discussion**

**A.      Case developments have moot the magistrate judge's report and recommendation and necessitate further screening of the plaintiffs' second amended complaint.**

Because the plaintiffs are proceeding without paying the filing fee in this case, the magistrate judge screened their amended complaint under 28 U.S.C. § 1915(a).[4] She concluded that the amended complaint failed to state a claim, and she granted limited leave to amend. But she recommended that this court bar the plaintiffs from adding as defendants the Public Utility Commission of Nevada or the City of Las Vegas Code Enforcement Division, and that their claim under the Administrative Procedure Act be dismissed with prejudice.[5] The plaintiffs filed an objection to the magistrate judge's recommendation.[6]

Since the recommendation and objection were filed, the plaintiffs filed a second amended complaint.[7] Because the first amended complaint is no longer the operative complaint in this case, I overrule the report and recommendation as moot. I also refer this matter back to the magistrate judge to screen the plaintiffs' second amended complaint.

---

[4] *See* ECF No. 19 at 1.

[5] *Id.* at 7–8.

[6] ECF No. 20.

[7] ECF No. 28. The plaintiffs filed an earlier second amended complaint on November 17, 2025. ECF No. 27. But in the next "second amended complaint" they filed on January 5, 2026, the plaintiffs explain that it is meant to supersede the November filing because the November complaint was unsigned. So I consider the January 5th second amended complaint to be the operative complaint in this case.

2

**B.      Injunctive relief is not warranted.**

A TRO is an "extraordinary" remedy "never awarded as of right."[8]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."[9]  The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[10]  Under either approach, the starting point is a merits analysis.

On January 21, 2026, the plaintiffs filed an emergency TRO motion requesting that the court order the defendants to "immediately restore electrical service" to their home, "install a standard residential meter without requiring payment of another person's debt," "open a new customer account for plaintiffs under lawful terms," and "cease all attempts to collect the prior occupant's discharged debt from plaintiffs."[11]  They argue that they are likely to succeed on the merits based on Nevada state-law claims and the argument that this debt was discharged in bankruptcy.[12]

---

[8] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[9] *Id.* at 20.

[10] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[11] ECF No. 31 at 5 (cleaned up).

[12] *Id.* at 3.

The plaintiffs have not shown a likelihood of success on merits of their claims.  They claim that the defendants violated several state laws, but they fail to provide any analysis of how those laws apply or which of the defendants' actions violated them.[13]  They also claim (without evidentiary support) that the debt was part of another family member's bankruptcy estate, which they argue "confirm[s] [that] the debt is not" theirs and that "conditioning service on payment of a discharged debt violates 11 U.S.C. §§ 362 and 524."[14]  But as explained in the defendants' response to the TRO motion, the bankruptcy court rejected the same arguments that the plaintiffs attempted to make in the family member's bankruptcy proceedings, finding that the plaintiffs were non-debtor parties who lacked standing to seek relief.[15]  And to the extent that the plaintiffs raise constitutional due-process or equal-protection claims, their motion contains no analysis of how those rights were violated.  So I cannot conclude that the plaintiffs are likely to succeed on the merits of their claims, and I deny their emergency TRO motion.

**C.     The plaintiffs' remaining motions are denied.**

On February 10, 2026, the plaintiffs filed a "request for prompt ruling on" their emergency TRO motion.[16]  Because this order resolves that motion, the request is denied as moot.  And on February 17th, the plaintiffs filed a "notice regarding representation of defendant NV Energy and request for court confirmation," representing that one of the attorneys that represented NV Energy in some related state-court proceedings filed documents "without verification of attorney registration or updated address information," and the plaintiffs seek

---

[13] *Id.*

[14] *Id.*

[15] ECF No. 34.  I exercise my discretion to deny the plaintiffs' motion to strike the defendants' response to the TRO motion (ECF No. 43) in favor of the strong judicial preference of resolving disputes on their merits.

[16] ECF No. 41.

clarity about who is representing NV Energy in this court.  I deny that motion because, frankly, I'm not sure what type of clarification the plaintiffs are seeking.  If a party has made its appearance in this case, its attorneys of record are listed on the case docket.  If the plaintiffs remain unsure of who is representing one of those parties, they should contact the attorneys who have filed notices of appearance in this case.

**D.      The plaintiffs are advised that "notices" are not permitted and that this case is on hold until their second amended complaint is screened.**

I have reviewed the docket in this case and acknowledge that the plaintiffs have filed several "notices" or exhibits unattached to any motions or matters pending before this court.[17] The plaintiffs are advised that this court will not consider "notices" or other pleadings other than those expressly permitted by the Federal Rules of Civil Procedure or this district's local rules. Unauthorized filings may be stricken from the record without any prior warning.

I also note that this case is still at its screening stage.  That means that the defendants have not been served, and they will get served only if the magistrate judge screens the plaintiffs' operative second amended complaint, concludes that the plaintiffs state a claim for relief, and directs that service be effectuated.  The defendants' obligation to file an answer to the operative complaint will not kick in unless and until those steps are taken.  I advise the plaintiffs that any motions seeking relief due to the fact that the defendants haven't answered the complaint before the screening process is completed will be summarily denied.

---

[17] *See* ECF Nos. 42, 44, 46.

**Conclusion**

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 19] is OVERRULED as moot**. This case is referred back to the magistrate judge to screen the plaintiffs' second amended complaint (ECF No. 28).

IT IS FURTHER ORDERED that the plaintiffs' emergency motion for a temporary restraining order **[ECF No. 31] is DENIED.**

IT IS FURTHER ORDERED that the plaintiffs' motion to request a prompt ruling **[ECF No. 41] is DENIED as moot.**

IT IS FURTHER ORDERED that the plaintiffs' motion to strike the defendants' response **[ECF No. 43] is DENIED.**

IT IS FURTHER ORDERED that the plaintiffs' motion to request court confirmation **[ECF No. 47] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
February 20, 2026