**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Stephanie L. Alves, et al.,

                Plaintiffs,

  v.

Public Utility Commission, et al.,

                Defendants.

Case No. 2:24-cv-02122-JAD-BNW

**ORDER and REPORT AND RECOMMENDATION**

Before this Court is Plaintiffs' Third Amended Complaint, which this Court now screens as required by 28 U.S.C. § 1915(e)(2). ECF No. 50.

Plaintiffs have also filed a motion for a preliminary injunction. ECF No. 51. Defendant NV Energy opposed, and Plaintiffs replied. ECF Nos. 52, 53. Plaintiffs further filed an emergency ex parte motion to expedite ruling and an ex parte motion for an immediate hearing as to the motion for preliminary injunction. ECF Nos. 56 and 57.

As explained in detail below, Plaintiffs' complaint does not state any cognizable claims. As a result, this Court will allow Plaintiffs to amend some claims and recommends dismissal with prejudice as to the rest. In addition, this Court recommends that the motion for preliminary injunction be denied and orders that the related motions are denied.

I.    **Screening Plaintiffs' Third Amended Complaint**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108,

1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

### A. Allegations

This case arises from a dispute over electrical service at 4425 Mark Avenue, Las Vegas, Nevada 89108. Theresa Alves-Roberts became the owner of this property and opened an NV Energy account on September 16, 2020. Plaintiffs moved to Nevada in September 2023, and Plaintiff Derrick Jon Alves Sr. acquired title to the property in 2024.

On September 6, 2023, Theresa Alves-Roberts emailed NV Energy requesting that her account be closed and her final bill sent to her new address, as she was no longer residing at the Mark Avenue property. NV Energy did not close the account and continued billing Theresa Alves-Roberts through at least December 2023.

On November 29, 2023, NV Energy disconnected electrical service at the Mark Avenue property for nonpayment of a balance of $8,724.40 accumulated on Theresa Alves-Roberts' account. Plaintiffs allege they had no prior notice of the disconnection and no opportunity to be heard before service was terminated. On December 1, 2023, Plaintiffs applied for new electrical service as new applicants with no prior account history, passed an Experian soft credit check, paid a $50 deposit, and were approved for new service with a scheduled connection date of December 4, 2023. Before that connection could occur, a NV Energy employee intercepted the approved work order, canceled the account, and demanded payment of the prior account holder's balance of $8,787.22 as a precondition to establishing new service. Plaintiffs allege this condition directly violates PUCN Tariff Rule 6(F)(1) and (2), which they contend prohibits NV Energy from denying service to a new applicant based on a prior occupant's unpaid bill.

On December 4, 2023, Plaintiffs obtained a meter inspection through the City of Las Vegas Development Services, which passed with no sign of tampering noted. Despite the passed

inspection, NV Energy continued to refuse reconnection. NV Energy represents, and Plaintiffs dispute, that there was additional meter tampering at the property. Ultimately, NV Energy removed the electrical meter entirely.

Plaintiffs filed a written complaint with the PUCN against NV Energy concerning the service disconnection. The PUCN forwarded the complaint to NV Energy. On January 3, 2024, NV Energy Senior Customer Care Advisor Jennifer Rose responded and maintained that Plaintiffs were responsible for the prior account balance.

The matter was eventually transmitted to the full PUCN Commission for review. On October 29, 2024, PUCN staff presented Plaintiffs' complaint to the Commission hearing panel. Plaintiffs allege that the PUCN staff presented a false narrative to the hearing panel characterizing Plaintiffs as delinquent NV Energy customers. They contend they were denied notice of the actual claims being made against them and were not permitted to challenge the claims.

Plaintiffs also allege that NV Energy's refusal to restore service ultimately forced Theresa Alves-Roberts to file Chapter 7 bankruptcy and that NV Energy filed a creditor claim in that bankruptcy acknowledging that Theresa Alves-Roberts was the true debtor. They also allege the debt was fully discharged in bankruptcy on January 12, 2026, but that NV Energy continues to refuse service unless Plaintiffs personally pay the discharged balance.

Plaintiffs explain they have been displaced from their home and have been without electrical service since November 29, 2023. The property currently has no electrical meter installed, and Plaintiffs allege they face imminent foreclosure and the prospect of homelessness if service is not restored. Plaintiffs seek injunctive relief requiring the immediate installation of an electrical meter and restoration of electrical service. Plaintiffs also seek monetary damages.

### B. Analysis

#### 1. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While government officials acting in their official capacities are state actors for purposes of § 1983, private parties are not. *Lugar v. Edmondson Oil Co.*, 457 U.S.

3

922, 936 (1982). A private party may nonetheless be liable under § 1983 if the plaintiff adequately alleges that the private party acted jointly with a state actor to deprive the plaintiff of a constitutional right. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

The joint action test requires that the private party be a "willful participant in joint action with the State or its agents." *Id.* A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was "a willful participant in joint action with the State or its agents." *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989) (quotations omitted). To be liable as co-conspirators, each participant in a conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989). To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights. *Id*.

Conclusory allegations that a private party "worked with" or "coordinated with" a state actor are insufficient to establish joint action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### a. Claim 1: § 1983 claim under the Fourteenth Amendment's due-process clause against NV Power, Jennifer Rose and Lisa Scott

#### i. Joint conduct

Plaintiffs allege that NV Energy, Jennifer Rose, and Lisa Scott jointly deprived them of electrical service without adequate process. Plaintiffs allege that services were disconnected on November 29, 2023, and that on December 1, 2023, they applied for new electrical service. They allege they were approved for new service and were assigned a connection date of December 4, 2023. Before that connection could occur, a NV Energy employee intercepted the approved work order, canceled the account, and imposed the prior account holder's discharged balance of $8,787.22 as a cash precondition to service (which they claim is in violation of PUCN Tariff Rule 6(F)(1) and (2)).

As a threshold matter, Plaintiffs fail to adequately allege joint action between the private Defendants (NV Energy and Jennifer Rose) and the state actor (Lisa Scott). Every allegation in this claim is pleaded collectively against all three Defendants without distinguishing what any

4

individual defendant did, when they acted, or how their conduct was coordinated. This Court cannot infer a plausible joint action theory from allegations that treat a private utility company, its employee, and a state regulatory investigator as interchangeable actors engaged in identical conduct.

In addition, the few instances in which Plaintiffs do attribute conduct to specific Defendants fare no better. For example, the assertion that Scott "worked directly with" Rose to deny service is precisely the kind of conclusory allegation that *Iqbal* instructs courts to disregard. That is because it states a legal conclusion in the form of a factual allegation without identifying the nature, timing, content, or purpose of any specific interaction between them. Moreover, based on the chronology of events, it appears that Scott did not get involved until a written complaint was sent to the PUCN, which was well after service was disconnected. In short, the allegations do not plausibly establish the mutual understanding directed at an unconstitutional goal that joint action requires.

Accordingly, this claim is dismissed with leave to amend as to NV Energy and Jennifer Rose.

### ii.     Fourteenth Amendment due process (against PUCN investigator Lisa Scott)

A procedural due process claim requires that a state actor deprive the plaintiff of a protected property interest without adequate process. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Critically, the deprivation and the inadequate process must be connected. That is, the constitutional violation must be attributable to state action.

Here that connection is absent. The deprivation, the interception of Plaintiffs' approved work order on or around December 4, 2023, and the imposition of the prior account holder's discharged balance of $8,787.22 as a cash precondition to service, was caused by NV Energy, a private actor. Scott's alleged conduct, the presentation of a false narrative at October 29, 2024, PUCN hearing, came about much later. And it relates to the adequacy of the remedial process but did not itself deprive Plaintiffs of electrical service. Scott did not disconnect the power, intercept the work order, or impose an unlawful precondition.

Because the deprivation was caused by a private actor and the allegedly inadequate process was provided by a state actor, and because the complaint does not adequately allege that these actors were operating jointly, Plaintiffs have not plausibly alleged a single coherent procedural due process violation attributable to state action. As a result, this claim is dismissed with leave to amend.

### b. Claim 2: §1983 claim under the Fourteenth Amendment's equal protection clause against NV Power, Jennifer Rose and Lisa Scott

#### i. Joint action

This claim suffers from the same joint action deficiency identified in Claim 1. For the reasons set forth above, this claim is dismissed with leave to amend as to NV Energy and Jennifer Rose.

#### ii. Fourteenth Amendment's equal protection clause (against PUCN investigator Lisa Scott)

Having dismissed this claim as to NV Energy and Jennifer Rose, this Court turns to whether Plaintiffs have adequately pleaded a Fourteenth Amendment equal protection claim against Lisa Scott. Plaintiffs do not allege membership in a protected class. This Court therefore construes this claim as proceeding under a class of one theory, which requires Plaintiffs to allege that they were intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

This claim fails as to Scott for two independent reasons. First, the differential treatment alleged, the imposition of unlawful conditions not required of other new applicants, was caused by NV Energy, not Scott. Scott's role was limited to the October 29, 2024, PUCN hearing, which post-dated the alleged differential treatment by nearly a year. For the same reasons set forth in Claim 1, the differential treatment and Scott's conduct cannot be connected absent adequate joint action allegations.

Second, the complaint fails to adequately plead a class of one claim. To do so a plaintiff must identify similarly situated individuals who were treated differently. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000). It is not sufficient to allege in general terms that other new

applicants were not subjected to the same conditions. Plaintiffs must point to specific comparators — that is, other applicants who sought new service at a property with a prior delinquent account and were not required to pay that balance as a precondition to service. The complaint identifies no such comparator. The allegation that unlawful conditions were imposed on Plaintiffs but not required of others is conclusory and this Court cannot assess whether Plaintiffs were treated differently from similarly situated individuals.

Accordingly, this claim is dismissed against Scott with leave to amend for failure to adequately plead a class of one equal protection claim.

### 2. Claim 3: violation of 11 U.S.C. § 366 against NV Energy

Plaintiffs assert a claim for violation of 11 U.S.C. § 366. Section 366 does not expressly create a private right of action enforceable in district court; rather, violations of § 366 are typically enforced through the bankruptcy court. *In re Hanratty*, 907 F.2d 1418 (3d Cir. 1990). Moreover, § 366 by its express terms protects the debtor. Here, the debtor is alleged to be Theresa Alves-Roberts—not Plaintiffs. As a result, Plaintiffs fail to state a cause of action upon which relief can be granted. In turn, this Court recommends that this claim be dismissed with prejudice.

### 3. Claim 4: violation of 11 U.S.C. § 524 against NV Energy

Plaintiffs assert a claim for violation of 11 U.S.C. § 524, which operates as a permanent injunction prohibiting any act to collect a discharged debt as a personal liability of the debtor. *Taggart v. Lorenzen*, 587 U.S. 554, 559 (2019). The same analysis employed as to 11 U.S.C. § 366 is applicable here. As a result, this Court recommends that this claim be dismissed with prejudice.

### 4. Claim 6: Violation of 15 U.S.C. § 45 against NV Energy and PUCN Commissioners

Plaintiffs assert a claim for unfair or deceptive acts under 15 U.S.C. § 45. But enforcement authority under the FTC Act is vested exclusively in the Federal Trade Commission and cannot

be enforced through a private lawsuit. *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973). This Court recommends this claim be dismissed with prejudice.[1]

### 5. Supplemental jurisdiction (claims 5 and 7)

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. See *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Plaintiffs assert claims for violation of PUCN Tariff Rule 6(F)(1) and (2) and negligence. Neither of these claims independently creates a federal cause of action. These claims, if cognizable at all in federal court, arise under state law and are subject to supplemental jurisdiction under 28 U.S.C. § 1367. However, this Court defers the question of whether to exercise supplemental jurisdiction over these claims until the federal claims have been further tested. If the federal claims survive, this Court will at that time consider whether supplemental jurisdiction over these state law claims is appropriate.

### 6. Punitive damages and injunctive relief (claims 8 and 9)

Plaintiffs assert punitive conduct and injunctive relief as separate counts. These are not independent causes of action but rather forms of relief that may be available if Plaintiffs prevail on their underlying claims. This Court recommends that these counts be dismissed as standalone causes of action. However, Plaintiffs' requests for punitive damages are preserved. Moreover, this Court notes that Plaintiffs already have a pending motion for injunctive relief (ECF No. 51).

---

[1] To the extent Plaintiffs seek to assert an unfair or deceptive acts claim under Nevada's Deceptive Trade Practices Act, as explained in section vi, this Court defers the question of supplemental jurisdiction over any state law claim until the federal claims have been further tested.

## II.    Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).  To obtain this extraordinary remedy, plaintiffs must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Id.* The first factor under *Winter* is the most important—likely success on the merits. *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) ("We begin with the first and most important factor: whether petitioners have established a likelihood of success on the merits."). Because it is a threshold inquiry, when "a plaintiff has failed to show the likelihood of success on the merits, we 'need not consider the remaining three [Winter elements].'" *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (quoting *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776–77 (9th Cir. 2011)).

Plaintiffs request that (1) the electrical meter be reinstalled, (2) electrical service be restored, (3) NV Energy cease conditioning service on payment, and (4) NV Energy comply with specific statutes. The relief requested qualifies as a mandatory injunction, because it "orders a responsible party to 'take action.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted). Because Plaintiffs seek a mandatory injunction, they must establish that the law and facts clearly favor their position, not simply that they are likely to succeed. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A mandatory injunction "goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations omitted). Courts "should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)). In short, mandatory injunctions should not issue in "doubtful cases." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011).

Plaintiffs ground their likelihood of success argument in four theories: violation of 11 U.S.C. § 366, violation of 11 U.S.C. § 524, violation of the Fourteenth Amendment, and violation of PUCN Tariff Rule 6(F)(1)–(2). Each fails for the reasons set forth in the screening order. And

9

the deficiencies identified in the screening order are not merely technical pleading failures. They reflect fundamental legal obstacles. Thus, at this stage, Plaintiffs are unable to show a likelihood of success, let alone that the law and facts clearly favor their position.

This Court does not minimize the hardship Plaintiffs describe, but the failure on the first factor is dispositive. As a result, this Court recommends that the motion for preliminary injunction be denied.

## III.    Vexatious litigant

Finally, Defendant NV Energy's request for a pre-filing order declaring Plaintiffs vexatious litigants is denied without prejudice. That request was embedded within NV Energy's response to the preliminary injunction motion and was not brought as a separate motion as required by LR IC 2-2(b). Moreover, NV Energy's request is not well developed as it does not address each of the five factors the Ninth Circuit requires a court to examine before entering a pre-filing order. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057–58 (9th Cir. 2007). Should NV Energy wish to pursue this relief, it must do so by way of a separate, properly noticed motion that affords Plaintiffs a full and fair opportunity to respond.

## IV.    CONCLUSION

**IT IS ORDERED** that the following claims be **DISMISSED** with leave to amend:

- 42 U.S.C. § 1983 claim based on a violation of the Fourteenth Amendment's due process clause.
- 42 U.S.C. § 1983 claim based on a violation of the Fourteenth Amendment's equal protection clause.
- Violation of PUCN Tariff Rule 6(F)(1) & (2). [2]
- Negligence.[3]

**IT IS RECOMMENDED** that the following claims be **DISMISSED** with prejudice:

- violation of 11 U.S.C. § 366.

---

[2] This claim may be re-asserted only if any federal claims survive a motion to dismiss.

[3] The same applies to this claim.

- violation of 11 U.S.C. § 524.
- Violation of 15 U.S.C. § 45.
- Punitive damages.
- Injunctive relief.

**IT IS FURTHER ORDERED** that Plaintiffs are given leave to amend only the § 1983 claims and may not add any other claims until these claims have been tested. The deadline to amend will be June 22, 2026. Failure to amend by that deadline may result in the dismissal of this action.

**IT IS RECOMMENDED** that the motion for preliminary injunction (ECF No. 51) be **DENIED.**

**IT IS FURTHER ORDERED** that the emergency ex parte motion to expedite ruling (ECF No. 56) and the ex parte motion for immediate hearing (ECF No. 57) are **DENIED.**

**IT IS FURTHER ORDERED** that the request that Plaintiffs be deemed vexatious litigants is **DENIED** without prejudice.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 21, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

11