**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Stephanie Alves, et al.,<br><br>Plaintiffs<br>v.<br><br>Public Utility Commission, et al.,<br><br>Defendants | Case No.: 2:24-cv-02122-JAD-BNW<br><br>**Order Overruling Objection to the Magistrate Judge's Report and Recommendation, Directing Service of Fourth Amended Complaint, and Denying Motions for Preliminary Injunction and Expedited Ruling**<br><br>[ECF Nos. 51, 58, 60, 62] |

Several members of the Alves family sue NV Energy, Jennifer Rose, and Lisa Scott for the decision to shut off their home's electricity due to unpaid power bills that they claim they're not responsible for. The magistrate judge screened the plaintiffs' third amended complaint and dismissed some claims with leave to amend, deferred ruling on others, and recommends dismissing the remaining claims with prejudice. She also recommends denial of the plaintiffs' motion for a preliminary injunction because they are unlikely to succeed on the merits of their claims. The plaintiffs have since filed a fourth amended complaint to comply with the magistrate judge's order. They also object to the magistrate judge's recommendation, and they move to expedite ruling on their objections.

I adopt the magistrate judge's recommendation to dismiss with prejudice the plaintiffs' claims under 11 U.S.C. § 366, 11 U.S.C. § 524, and 15 U.S.C. § 45 and deny their preliminary-injunction motion. And because the plaintiffs filed a fourth amended complaint reasserting their § 1983 claims, I overrule as moot the plaintiffs' objections to the magistrate judge's order giving leave to amend those claims, and I order that the fourth amended complaint be served on the

defendants. I also adopt the magistrate judge's recommendation that the plaintiffs' motion for a preliminary injunction be denied because the plaintiffs have not shown that they are likely to succeed on the merits of their claims.

**Discussion**[1]

In their third amended complaint, the plaintiffs alleged nine claims: (1) violation of their Fourteenth Amendment due-process rights under § 1983; (2) violation of their Fourteenth Amendment equal-protection rights under § 1983; (3) violation of 11 U.S.C. § 366; (4) violation of 11 U.S.C. § 524; (5) violation of PUCN Tariff Rule (6)(F)(1) & (2); (6) unfair or deceptive acts under 15 U.S.C. § 45; (7) negligence; (8) "punitive conduct"; and (9) injunctive and declaratory relief.[2] The magistrate judge screened the complaint and dismissed the plaintiffs' § 1983 claims with leave to amend.[3] She also dismissed without prejudice the plaintiffs' state-law negligence and PUCN Tariff Rule claims, noting that those could be reasserted "only if any federal claims survive a motion to dismiss."[4] She recommends dismissing the remaining claims with prejudice.

On June 1, 2026, the plaintiffs filed a fourth amended complaint in compliance with the magistrate judge's order.[5] The new complaint reasserts the § 1983 claims and seeks to preserve

---

[1] I incorporate by reference the detailed summary of the facts alleged in the third amended complaint that is included in the magistrate judge's report and recommendation. *See* ECF No. 58 at 2–3.

[2] ECF No. 50.

[3] ECF No. 58.

[4] *Id.* at 10 n.2.

[5] ECF No. 59.

others. A few days later, the plaintiffs filed an objection to the magistrate judge's order.[6] They contend that their due-process and equal-protection claims are cognizable, their state-law claims should not have been dismissed, and the facts support their claims under §§ 366, 524, and 45.

**A. Plaintiffs' fourth amended complaint moves forward on their two § 1983 claims.**

I overrule plaintiffs' objections to the extent that they challenge dismissal of their § 1983 claims with leave to amend. The plaintiffs have since complied with that order by filing a fourth amended complaint with new facts to support their due-process and equal-protection claims.[7] By doing so, the plaintiffs have effectively mooted their objection. I find it appropriate at this stage of the proceedings to permit the fourth amended complaint to move forward in the litigation process and be properly served on the defendants. So any harm from the magistrate judge's dismissal of those claims was cured when the plaintiffs filed an amended complaint.

The plaintiffs also object to the magistrate judge's dismissal of their state-law claims, arguing that both of those claims are cognizable.[8] But the magistrate judge did not dismiss those claims outright; she instead "defer[red] the question of whether to exercise supplemental jurisdiction over these claims until the federal claims have been further tested."[9] In the order's conclusion, the magistrate judge explained that those "claim[s] may be re-asserted if any federal claims survive a motion to dismiss."[10] The plaintiffs' objection does not discuss this procedural decision, rather arguing the merits of the state-law claims. I find that the magistrate judge's

[6] ECF No. 60. The plaintiffs filed a second document that they also titled as an "objection," ECF No. 61, but that document contains only declarations from the plaintiffs. So I construe ECF No. 61 as a supplemental filing in support of their original objection, not a second objection.

[7] ECF No. 59.

[8] ECF No. 60 at 2, 4.

[9] ECF No. 58 at 8.

[10] *Id.* at 10 n.2.

decision, while perhaps unconventional, preserves this court's resources and does not preclude the plaintiffs from asserting their state-law claims later in these proceedings. So I overrule the plaintiffs' objections to dismissal of those claims.

Finally, the plaintiffs object to the magistrate judge's dismissal of their punitive-damages and injunctive-relief claims. The magistrate judge dismissed those allegations because they are properly pled as damages, not independent causes of action.[11] The plaintiffs contend that "punitive damages are available" and "injunctive relief is proper."[12] But the magistrate judge did not preclude the plaintiffs from seeking those types of relief—she merely held that it is improper to plead them as independent claims. The plaintiffs don't object to that characterization, and they reassert their request for punitive damages in their fourth amended complaint. So I overrule those objections and clarify that the plaintiffs may continue to seek punitive damages and injunctive relief at this stage—but as a remedy, not a claim.

**B. The magistrate judge properly dismissed plaintiffs' claims under 11 U.S.C. §§ 366 & 524, and 15 U.S.C. § 45.**

The plaintiffs also object to the magistrate judge's recommendation that their claims under 11 U.S.C. §§ 366, 524, and 15 U.S.C. § 45 be dismissed with prejudice. The magistrate judge explained that none of those statutes permits a private right of action.[13] The plaintiffs do not address the private-right-of-action issue in their objection. They instead argue that they have adequately alleged facts to support those claims.[14] But the magistrate judge didn't recommend dismissal because the plaintiffs didn't allege sufficient facts; she recommends dismissal because

---

[11] ECF No. 58 at 8.

[12] ECF No. 60 at 6–7.

[13] ECF No. 58 at 7.

[14] ECF No. 59 at 5–6.

those claims cannot be brought in this court by an individual plaintiff. The plaintiffs don't clearly object to that reasoning,[15] so I overrule their irrelevant objections and adopt the magistrate judge's recommendation that those claims be dismissed with prejudice.

**C. Plaintiffs' motions for a preliminary injunction and to expedite ruling are denied.**

The magistrate judge also recommends denying the plaintiffs' motion for a preliminary injunction for the same reasons those claims were dismissed "as set forth in the screening order."[16] The plaintiffs don't directly object to that finding, but they maintain that "injunctive relief is proper" and seek "immediate judicial intervention to restore electrical service and enforce compliance with applicable law."[17]

Plaintiffs argue in their preliminary-injunction motion that they are likely to succeed on the merits of their 11 U.S.C. §§ 366 and 524 claims, their Fourth Amendment claims, and their claim under PUCN Tariff Rule 6(f)(1)–(2).[18] I have adopted the magistrate judge's determinations that the §§ 366, 524, and Tariff Rule claims must remain dismissed, so I find that the plaintiffs have not shown a likelihood of success on the merits of those claims.

The plaintiffs have not shown a likelihood of success on their Fourteenth Amendment claims, either. In the motion, the plaintiffs argue that "NV Energy and PUCN violated the

---

[15] At one point the plaintiffs contend that this court should exercise supplemental jurisdiction over their 15 U.S.C. § 45 claim under 28 U.S.C. § 1367(a). But 15 U.S.C. § 45 can be enforced only by the Federal Trade Commission, not by individual plaintiffs. *See* 15 U.S.C. § 45(a)(2) ("The Commission is hereby empowered and directed to prevent persons . . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce."); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 987 (D.C. Cir. 1973) ("The central ruling in his case holds that private actions to vindicate rights asserted under the Federal Trade Commission Act may not be maintained."). So the exercise of supplemental jurisdiction wouldn't cure the defect with plaintiffs' claim.

[16] ECF No. 58 at 9.

[17] ECF No. 60 at 7, 16.

[18] ECF No. 51.

Fourth Amendment" because PUCN staff "misrepresented [p]laintiffs as delinquent customers, denied plaintiffs the opportunity to present evidence, relied on false information, and dismissed plaintiffs' complaint without due process."[19] But the plaintiffs fail to provide any analysis connecting those vague allegations with the facts of this case or the standards for evaluating due-process and equal-protection claims.[20] Without such an analysis, I cannot conclude that the plaintiffs are likely to succeed on the merits of their claims, and I adopt the magistrate judge's recommendation to deny the preliminary-injunction motion. Finally, because this order resolves all of the pending motions and moves this case forward, I deny as moot the plaintiffs' motion to expedite ruling.

## Conclusion

IT IS THEREFORE ORDERED that the plaintiffs' objection **[ECF No. 60] is OVERRULED** and the magistrate judge's report and recommendation **[ECF No. 58] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the plaintiffs' fourth amended complaint (ECF No. 59) is the operative complaint in this case. **The Clerk's Office is DIRECTED to**:

- **issue summonses** for defendants NV Energy, Jennifer Rose, and Lisa Scott and **deliver** them, along with a copy of the fourth amended complaint (ECF No. 59) and this order to the U.S. Marshals Service for service on the defendants.
- **send** to the plaintiffs three USM-285 forms.

IT IS FURTHER ORDERED that **plaintiffs will then have 30 days to furnish to the U.S. Marshal the required USM-285 forms**, completed with relevant information about each

[19] *Id.* at 3.

[20] *See id.*

defendant. Once plaintiffs have furnished those completed forms, the U.S. Marshal will attempt service and notify the plaintiffs of whether or not service is successful. **Plaintiffs will have 20 days** after receiving from the U.S. Marshal a copy of any USM-285 form showing whether service has been accomplished **to file a notice** with the Court identifying whether any defendant was served or not served. If plaintiffs wish to have service again attempted on an unserved defendant, they must seek that relief by filing a motion in which they specify a more detailed name or address for the defendant, or state whether some other manner of service should be attempted.

IT IS FURTHER ORDERED that the plaintiffs' motions for a preliminary injunction and to expedite ruling **[ECF Nos. 51, 62] are DENIED.**

U.S. District Judge Jennifer A. Dorsey
September 28, 2026